UNITED STATES DISTRICT COURT　　　FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

RAFAEL LOPEZ,

                Petitioner,

      -versus-

UNITED STATES OF AMERICA,

                Respondent.

ORDER

09-CV-4227

JOHN GLEESON, United States District Judge:

        *Pro se* petitioner Rafael Lopez brought this action in September 2009 to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255. In an oral decision on June 25, 2010, I denied the application, which asserted, *inter alia*, a Sixth Amendment challenge pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On May 15, 2013, in a motion pursuant to Fed. R. Civ. P. 60(b), Lopez seeks relief from my June 25, 2010 order. At bottom, he renews his *Apprendi*-based argument in light of the Supreme Court's recent decision extending *Apprendi*'s rule to facts that trigger mandatory minimum sentences. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

        Lopez's application is not truly a Rule 60(b) motion, as it attacks the integrity of the underlying sentence, rather than the integrity of the proceedings that led to my June 25, 2010 order. *See Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). However, Lopez can hardly be faulted for not recognizing that distinction. The more glaring problem with Lopez's argument – which is more properly characterized as a separate challenge based on new Supreme Court case law[1] – is that *Alleyne* has not been made retroactive by the Supreme Court to cases on collateral

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Tit. IV-B, § 413(f), 110 Stat. 1269, narrowly circumscribes the availability of additional habeas review for second or successive challenges to a conviction or sentence. A successive petition avoids dismissal only if, *inter alia*, "[t]he

review. And since *Apprendi* itself was not made retroactive by the Supreme Court, *see Schriro v. Summerlin*, 542 U.S. 348, 357-58 (2004), it is doubtful that *Alleyne* will be.[2]

       Accordingly, the motion is denied.

       So ordered.

                                         John Gleeson, U.S.D.J.

Dated: August 27, 2013
       Brooklyn, New York

---

applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A).

[2] The decision to make a new rule of constitutional law retroactive is for the Supreme Court, not for me, to make. *See Dodd v. United States*, 533 U.S. 656 (2001) (holding that the declaration of retroactivity must come from the Justices, not the lower courts). Thus, unless the Justices decide that *Alleyne* applies retroactively to cases on successive collateral review, the courts of appeal have no authority to authorize a successive collateral attack. *See* 28 U.S.C. § 2255(h)(2) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").